# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JAIME GIVENS, individually and on behalf of all others similarly situated,<br>    *Plaintiffs,*<br>v.<br><br>REVLON, INC., *et al.*,<br>    *Defendants.* | §<br>§<br>§  Civil Action No. 4:23-cv-857<br>§  Judge Mazzant<br>§<br>§<br> |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Revlon, Inc.'s And Revlon Consumer Products, LLC's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #13). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff filed her Amended Complaint on February 6, 2024 (Dkt. #11). On February 16, 2024, Defendants filed this Motion (Dkt. #13). Plaintiff filed her Response on March 1, 2024 (Dkt. #14). On March 8, 2024, Defendants filed their Reply (Dkt. #15).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering

a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### I.     Breach of Express Warranty Claim

Plaintiff's express warranty claim fails because she did not provide Defendants with pre-suit notice. "To recover on a breach of warranty claim in Texas, 'the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014) (quoting TEX. BUS. & COM. CODE § 2.607(c)(1)). Notably, "[t]he burden of 'alleging and proving proper notice' is on the buyer, and '[f]ailure to notify the seller of the breach, thereby allowing the seller an opportunity to cure, bars recovery on the basis of breach of warranty.'" *Id.* (quoting *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 189 (Tex. App.–Dallas 1996, no writ)); *see also American Econ. Ins. Co. v. Dormont Mfg. Co.*, No. 1:24-cv-377-DAE, 2024 WL 5371986, at *8 (W.D. Tex. Dec. 16, 2024) ("[The] pre-suit notice requirement applies to claims of both express and implied warranty breaches.").

Plaintiff attempts to skirt the pre-notice requirement by citing to an out-of-circuit case to urge the Court to adopt the rule that "notice filed shortly after commencement of litigation but before a plaintiff voluntarily amends the complaint" permits Plaintiff to proceed with her breach of express warranty claim (Dkt. #14 at p. 20) (quoting *In re Seagate Tech. LLC Litig.*, No. 16-cv-523-JCS, 2017 WL 3670779, at *11 (N.D. Cal. Aug. 25, 2017)). Plaintiff also argues that Defendants received notice "from the original filing of the case in the wrong district" and by Plaintiff withdrawing the original complaint in this suit "when she exercised her right to amend as a matter

3

of course pursuant to Rule 15(a)(1) and there was no operative pleading because Plaintiff had not yet filed the [First Amended Complaint]" (Dkt. #14 at p. 19). Both arguments fall flat. First, *In re Seagate Tech. LLC Litig.* is materially distinguishable from this case because in it, the plaintiff sent "a letter to [defendant] shortly after commencement of litigation but before filing an amended complaint." *Id.* Here, Plaintiff does not allege she sent such a letter to the Defendants nor does any such letter appear in the record. Further, this is merely persuasive authority since it is not authority from the Supreme Court of Texas or the Fifth Circuit. Crucially, in the Fifth Circuit, "'commencement of litigation' does not satisfy the notice requirement." *McKay*, 751 F.3d at 706 (quoting *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201–02 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *Wilcox v. Hillcrest Mem'l Park of Dall.*, 696 S.W.2d 423, 424–25 (Tex. App.—Dallas 1985, writ ref'd n.r.e)). Because Plaintiff failed to provide pre-suit notice, her breach of express warranty claim must be dismissed. *McKay*, 751 F.3d at 705.

## II.     The Remaining Claims

After reviewing the relevant pleadings and the arguments contained in the briefing, the Court finds that Plaintiff has stated plausible claims for relief for the purposes of defeating a Rule 12(b)(6) motion on her other claims.

## CONCLUSION

It is therefore **ORDERED** that Defendants Revlon, Inc.'s And Revlon Consumer Products, LLC's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #13) is hereby **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Plaintiff's breach of express warranty claim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED this 12th day of February, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE