# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JAIME GIVENS, individually and on behalf of all other similarly situated, | § § § | |
| *Plaintiffs,* | § § | Civil Action No. 4:23-cv-857 |
| v. | § § | Judge Mazzant |
| REVLON, INC., et al., | § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Revlon, Inc.'s and Revlon Consumer Products, LLC's Motion to Certify Question Pursuant to 28 U.S.C. § 1292(b) (Dkt. #22). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a tort suit arising from a hair dye product. On July 1, 2023, Plaintiff Jaime Givens ("Plaintiff") used Defendants Revlon, Inc. and Revlon Consumer Products, LLC's ("Defendants") Creme of Nature Moisture-Rich Hair Color with Shea Butter Conditioner (the "Product") to dye her hair (Dkt. #11 at ¶¶ 16–19). Plaintiff selected the Product because she is allergic to ammonia and the Product indicated it was ammonia free (Dkt. #11 at ¶¶ 17–21). According to Plaintiff, once she applied the product to her hair, she experienced an allergic reaction and suffered from swollen lymph nodes in her arm and neck area as well as chemical burns on her scalp (Dkt. #11 at ¶ 19). Due to her ammonia allergy, Plaintiff purchased home testing strips to determine if the Product contained ammonia (*See* Dkt. #11 at ¶¶ 21–22). Plaintiff claims that the home testing strips indicated there was ammonia in the Product. Accordingly, on September 25, 2023, she filed suit in this Court (Dkt. #1). Eventually, Plaintiff filed an Amended Complaint (Dkt.

#11), which Defendants sought to dismiss (Dkt. #13). Defendants contended that the Product never contained ammonia and that the results from Plaintiff's home testing strips were woefully inadequate (*See* Dkt. #13 at pp. 17–22). So, according to Defendants, Plaintiff did not state a plausible claim for relief (*See* Dkt. #13 at pp. 17–22). The Court, however, determined that Plaintiff sufficiently pleaded plausible claims for relief, except as to her Breach of Express Warranty claim, which the Court dismissed with prejudice (Dkt. #21 at p. 4).

Defendants filed this Motion on February 21, 2025 (Dkt. #22). Through it, Defendants urge the Court to certify its Memorandum Opinion and Order (Dkt. #21) on February 12, 2025, for appellate review (Dkt. #22 at p. 1). Defendants seek clarity on the following question: Does a plaintiff who alleges the presence of an undisclosed substance in a product also need to allege possession of admissible evidence that the substance was present? (Dkt. #24 at p. 1). Plaintiff filed her Response (Dkt. #23) on March 7, 2025, and Defendants filed their Reply on March 10, 2025 (Dkt. #24). The Motion is now ripe for adjudication.

## LEGAL STANDARD

In the federal judicial system, courts of appeals can review district-court orders only when a decision becomes "final," which generally occurs "upon completion of the entire case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020); *see United Disaster Response, LLC v. Omni Pinnacle, LLC*, 511 F.3d 476, 482 (5th Cir. 2007) ("Under 28 U.S.C. § 1291, unless one of the limited exceptions to the final judgment rule applies, we can review only 'final decisions.'"). But in certain circumstances, Congress permits district judges to certify an issue for appellate review prior to a case's culmination. *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1708 (2017). The applicable statute, 28 U.S.C. § 1292(b), reads, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Disaggregated, the statutory requirements to certify an interlocutory order are threefold: "(1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). "All three of these criteria must be met for an order to properly be certified for interlocutory appeal." *Crankshaw v. City of Elgin*, No. 1:18-CV-75-RP, 2020 WL 1866884, at *1 (W.D. Tex. Apr. 14, 2020) (citing *Clark-Dietz & Assocs.-Eng'rs v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983)); *see Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) ("The criteria are conjunctive, not disjunctive."). The party moving for certification bears the burden to demonstrate its necessity. *Coates v. Brazoria Cnty.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013)

"[I]nterlocutory appeals are exceptional." *Earl v. Boeing Co.*, No. 4:19-CV-00507, 2020 WL 4220887, at *2 (E.D. Tex. July 23, 2020) (quoting *Clark-Dietz*, 702 F.2d at 68). Section 1292(b) does not exist "to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006); *German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995) ("[Section 1292(b)] is not intended as a vehicle to provide early review of difficult rulings in hard cases."). Construing § 1292(b) as anything other than a "narrow exception" would effectively nullify the "[c]ongressional policy against piecemeal appeals." *Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir. 1970). "The justification for immediate appeal must therefore be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes." *Mohawk Indus., Inc. v.*

*Carpenter*, 558 U.S. 100, 107 (2009); *Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) ("A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the 'strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.'" (quoting *United States v. Nixon*, 418 U.S. 683, 690 (1974))).

The decision to certify an interlocutory appeal lies within the sound discretion of the district court. *Richardson v. Univ. of Tex. Sys.*, No. 5:19-CV-271-XR, 2019 WL 5683470, at *1 (W.D. Tex. Oct. 31, 2019); *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 405 n.9 (2004) (Ginsburg, J., dissenting) ("[T]he decision whether to allow an [interlocutory] appeal lies in the first instance in the District Court's sound discretion."). District courts wield this authority precisely because Congress, in enacting § 1292(b), "chose to confer on [them] first line discretion to allow interlocutory appeals." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); *see In re Trump*, 958 F.3d 274, 282 n.2 (4th Cir. 2020) (en banc) (detailing § 1292(b)'s legislative history), *vacated as moot by Trump v. D.C.*, 141 S. Ct. 1262 (2021) (mem.). As such, even when the statutory criteria are met, district courts may nevertheless deny certification. *SEC v. Sethi Petroleum, LLC*, No. 4:15-CV-338, 2016 WL 4400064, at *2 (E.D. Tex. Aug. 18, 2016).

## ANALYSIS

Defendants fail to satisfy all requirements in 28 U.S.C. § 1292(b), and even if Defendants could satisfy them, the Court would exercise its discretion and deny certification. *See Sethi Petroleum, LLC*, 2016 WL 4400064, at *2.

## I.    Substantial Ground for Difference of Opinion About the Question of Law

Defendants do not prove that there is substantial ground for a difference of opinion on the question of law—Does a plaintiff who alleges the presence of an undisclosed substance in a product

also need to allege possession of admissible evidence that the substance was present? "The threshold for establishing the 'substantial ground for difference of opinion' . . . is a high one." *Jud. Watch, Inc.*, 233 F. Supp. at 19. Courts normally find substantial grounds for difference of opinion when (1) "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue"; (2) "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point"; (3) "complicated questions arise under foreign law"; or (4) "novel and difficult questions of first impression are presented." *Coates*, 919 F. Supp. 2d at 868–69 (citation modified). Defendants argue that they cited numerous federal court decisions that dismissed claims similar to Plaintiff's because the claims were not supported by competent laboratory analysis (Dkt. #22 at p. 12; Dkt. #13 at pp. 17–22). True, Defendants cited numerous decisions from federal district courts across the country and cases from the Fifth and Ninth Circuits (*See* Dkt. #22 at pp. 12–16; Dkt. #13 at pp. 17–22). Be that as it may, Defendants' argument rings hollow. The Court's decision does not appear "contrary to the rulings of all Courts of Appeals which have reached the issue." *Coates*, 919 F. Supp. 2d at 868–69 (citation modified). In fact, Defendants only cite cases from the Fifth and Ninth Circuits that are related to the suit before the Court. Relatedly, Defendants does not prove that the "circuits are in dispute on the question and the [Fifth Circuit] has not spoken on the issue" because Defendants only cites two circuit cases. *Id.* Further, this case does not involve foreign law. *See id.* (noting courts find grounds for difference of opinion when "complicated cases arise under federal law"). Lastly, the Court does not find that this a "novel and difficult question[] of first impression." *Id.* Rather, as Plaintiff notes, Defendants takes umbrage with the sufficiency of Plaintiff's home testing strips (Dkt. #23 at p. 2). That is an issue for summary judgment.

Thus, Defendants do not prove that "there is substantial ground for difference of opinion about the question of law . . . ." *Rico*, 481 F.3d at 238. Since "[a]ll three of these criteria must be met for an order to properly be certified for interlocutory appeal," the Court will not analyze the other criteria. *Crankshaw*, 2020 WL 1866884, at *1 (citing *Clark-Dietz & Assocs.-Eng'rs*, 702 F.2d at 69. And, even if the statutory criteria were met, the Court would exercise its discretion and deny certification. *Sethi Petroleum, LLC*, 2016 WL 4400064, at *2; *see also Escobedo v. Ace Gathering, Inc.*, No. H-22-538, 2023 WL 5511199, at *1 (S.D. Tex. Aug. 25, 2023) ("District courts have unfettered discretion to deny certification, even when all statutory criteria are satisfied.") (citation modified); *Nieman v. City of Dallas*, No. 3:14-CV-3897, 2016 WL 470235, at *3 (N.D. Tex. Feb. 8, 2016) (same).

## CONCLUSION

It is therefore **ORDERED** that Defendants Revlon, Inc.'s and Revlon Consumer Products, LLC's Motion to Certify Question Pursuant to 28 U.S.C. § 1292(b) (Dkt. #22) is hereby **DENIED**.

It is further **ORDERED** that the Parties must file a report informing the Court of this case's status within 14 days of the issuance of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of July, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE