# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JAIME GIVENS, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> REVLON, INC., et al. § <br> § <br> Defendants. § <br> § | Civil Action No. 4:23-cv-857 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Revlon, Inc. and Revlon Consumer Products LLC's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(B)(1) For Lack of Federal Subject-Matter Jurisdiction (the "Motion") (Dkt. #27). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

This case revolves around the alleged presence of ammonia in hair dye. Plaintiff argues that Defendants sold her an ammonia-laced hair dye product despite advertising otherwise, while Defendants argue that Plaintiff is simply mistaken. Their disagreement ultimately led them to this Court. Plaintiff filed her Amended Complaint on February 6, 2024 (Dkt. #11). The Parties filed a Joint Status Report on August 6, 2025 (Dkt. #26). On September 8, 2025, Defendants filed the present Motion (Dkt. #27). Plaintiff filed her Response on September 22, 2025 (Dkt. #28). Defendants filed their Reply four days later, on September 26, 2025 (Dkt. #29). The matter is now ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

Defendants argue that Plaintiff's Amended Complaint fails to state a federal claim for three reasons: (a) that Plaintiff has not satisfied the amount in controversy to avail herself of diversity

2

jurisdiction; (b) that Plaintiff has not satisfied the amount in controversy to maintain federal question jurisdiction under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq.*); and (c) that the Class Action Fairness Act no longer provides Plaintiff with a means to maintain subject matter jurisdiction. In response, Plaintiff concedes that she has abandoned her class allegations but argues that her Amended Complaint nevertheless satisfies the requirements of both federal diversity and federal question jurisdiction (*See* Dkt. #28 at p. 4). Because Plaintiff has pleaded facts sufficient to satisfy federal diversity jurisdiction under 28 U.S.C. § 1332(a), the Court must deny Defendants' 12(b)(1) Motion.

      A.    **Plaintiff has Pleaded Facts Sufficient to Satisfy the $75,000 Amount in Controversy Requirement under 28 U.S.C. § 1332(a).**

28 U.S.C. § 1332 provides that the United States district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). To decline jurisdiction based on the amount in controversy requirement, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). It is undisputed that there is complete diversity of citizenship between the parties. Additionally, having considered the pleadings and motions, the Court finds that there is at least a "plausible set of facts" that would allow Plaintiff to recover more than $75,000. *See Lane*, 529 F.3d at 557. As a result, Plaintiff has successfully availed herself of federal diversity jurisdiction under § 1332(a)(1).

The pertinent 12(b)(1) Motion repeatedly emphasizes the fact that Plaintiff spent a mere $3.99 on the hair dye product that constitutes the crux of Plaintiff's case. However, in focusing on

the price of the product, the Motion misses the forest for the trees. In total, the Amended Complaint lists six causes of action that have survived Defendants' prior motion to dismiss: (a) breach of the Magnuson-Moss Warranty Act; (b) violation of TEX. BUS. & COM. CODE §§ 17.46(a) and 17.46(b); (c) fraud; (d) negligent misrepresentation; (e) negligence; and (f) unjust enrichment (Dkt. #11 at pp. 14–22). Of these six, two expressly list "physical injury" as a source of damages, and another references the term "injury" as separate and distinct from the damage resulting from the act of paying "more for a product than [one] would have[,] had the presence of ammonia been accurately disclosed" (Dkt. #11 at p. 19). Furthermore, when the Amended Complaint addresses the topic of "Plaintiff's injuries," it mentions and provides multiple images of an alleged "allergic reaction and . . . swollen lymph nodes in her arm and neck area and chemical burns on her scalp" (Dkt. #11 at p. 8). Plaintiff also seeks punitive damages a result of Defendants' alleged fraud and gross negligence (Dkt. #11 at p. 23; Dkt. #28 at p. 3). Under these circumstances, and in consideration of Plaintiff's express requested relief of over $75,000, the Court finds that the Amended Complaint satisfies the jurisdictional safeguard imposed by 28 U.S.C § 1332(a). *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("'[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" (quoting *St. Paul*, 303 U.S. at 288)).

Accordingly, accepting as true all well-pleaded allegations set forth in Plaintiff's Amended Complaint and construing those allegations in the light most favorable to Plaintiff, the Court finds that there is at least a plausible set of facts that would support a claim for relief that would exceed $75,000. *See Truman*, 26 F.3d at 594.

B.  **The Court Declines to Address the Jurisdictional Demands of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et. seq.*).**

As the Court has determined that it has jurisdiction under 28 U.S.C § 1332(a), "it need not determine whether federal question jurisdiction is available under Magnuson-Moss." *Wulf v. BMW of N. Am., LLC*, No. 4:19-CV-0046, 2020 WL 11626226, at *3 n.4 (S.D. Tex. May 26, 2020); *Harris v. BMW of N. Am., LLC*, No. 4:19-CV-00016, 2019 WL 4861379, at *3 (E.D. Tex. Oct. 2, 2019); *Llort v. BMW of N. Am., LLC*, No. 1:20-CV-94-LY, 2020 WL 2928472, at *5 n.5 (W.D. Tex. June 2, 2020), *report and recommendation adopted*, No. 1:20-CV-94-LY, 2020 WL 10054589 (W.D. Tex. June 19, 2020).

C.  **Consideration of the Class Action Fairness Act is Irrelevant.**

The Joint Status Report clearly indicates that Plaintiff has dropped her class action claim, stating in relevant part that "[t]he Parties agree that this case should proceed as an individual, as opposed to a class, action only" (Dkt. #26 at p. 1). Though Plaintiff has yet to file an amended complaint reflecting her decision, Plaintiff has repeatedly confirmed that she no longer seeks relief in the form of a class action, stating in her Response to Defendants' Motion that "Plaintiff's abandonment of class allegations does not defeat jurisdiction" (Dkt. #28 at p. 4 (citation modified)). This Court's finding of diversity jurisdiction, together with Plaintiff's admission, renders any further consideration of the Class Action Fairness Act irrelevant to the present Motion.

## CONCLUSION

It is therefore **ORDERED** that Defendants Revlon, Inc. and Revlon Consumer Products LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) For Lack of Federal Subject-Matter Jurisdiction (Dkt. #27) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 12th day of December, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE